Opinion filed July 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00349-CR 

                                                    __________

 

                                  GARY LYNN NICHOLS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                             Trial
Court Cause No. CR-06-20,956

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Gary Lynn Nichols of the offense of aggravated sexual assault of
a child and assessed his punishment at confinement for thirty-five years.  We
affirm.








In
his sole issue on appeal, appellant challenges the legal sufficiency of the
evidence.  Appellant contends that the State failed to establish each element
of the offense beyond a reasonable doubt because all of the evidence against
him was circumstantial and created no more than a mere probability or suspicion
of guilt and because the evidence did not exclude every other reasonable
hypothesis.  We note first that the reasonable-hypothesis construct urged by
appellant has been rejected by the Court of Criminal Appeals and is no longer
used as a measure of legal sufficiency.  Wilson v. State, 7 S.W.3d 136,
141 (Tex. Crim. App. 1999); Geesa v. State, 820 S.W.2d 154, 160-61 (Tex.
Crim. App. 1991).  We will apply the well-recognized standard of review for
legal sufficiency: we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex. Crim. App. 2000).

The
record shows that appellant was convicted of the aggravated sexual assault of
his seven-month-old daughter for penetrating her female sexual organ with his
finger.  The investigation in this case began when a teenage boy reported to
child protective services that he had observed appellant Afinger[] his child.@

Texas
Ranger David Hullum testified that appellant initiated contact with him and
denied having any such contact with the victim.  Ranger Hullum testified that
appellant subsequently admitted Apenetrating
his child to apply medication@
to a boil.  The boil, however, was not inside the victim=s vagina but was located Aat the right side of the
buttock, near the midline.@

Sergeant
James Matthew Mull conducted two interviews of appellant, who had previously
been convicted of indecency with a child.  During the first interview,
appellant adamantly denied that he had ever placed his finger inside the victim=s vagina.  In the second
interview, appellant admitted that he had put his right index finger in the
victim=s vagina on two
separate occasions.  On a piece of paper, appellant traced his hand and drew a
line indicating how far inside the vagina his finger went.  This document was
introduced as an exhibit at trial.  Appellant told Sergeant Mull that the
victim had a large boil located outside the vaginal area and that the doctor
had instructed appellant to apply Desitin to treat the boil.








Robert
Charles Matthews, M.D., testified that he treated the victim approximately one
week prior to the alleged date of the offense for both a respiratory infection
and a small bump or papule that was located an inch or two to the right of the
rectal area, not near the vagina.  Dr. Matthews prescribed an oral antibiotic
and did not prescribe Desitin for the bump.  Dr. Matthews testified that he did
not instruct appellant to apply Desitin and explained that Desitin is a drying
agent to be used externally only.  Dr. Matthews also testified that he would
not expect to see any visible sign or indication on the victim if appellant had
penetrated her as he indicated in the drawing.

After
reviewing all of the evidence, we hold that a rational jury could have found beyond
a reasonable doubt that appellant intentionally or knowingly caused the
penetration of the victim=s
sexual organ with his finger.  The jury, as the trier of fact, was the sole
judge of the credibility of the witnesses and of the weight to be given to
their testimony and, thus, was free to reject appellant=s defense that his conduct constituted medical
care.  See Tex. Code Crim. Proc.
Ann. art. 38.04 (Vernon 1979), art. 36.13 (Vernon 2007); see also
Tex. Penal Code Ann. '' 22.011(d), 22.021(d)
(Vernon Supp. 2007) (medical care as a defense).  The evidence is legally
sufficient to support appellant=s
conviction.  Accordingly, appellant=s
sole issue is overruled.

The
judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

July 24, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.